UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANGELA M. )
   Plaintiff, )
)
v. )
)
ANDREW SAUL, Commissioner of the )
Social Security Administration, )
   Defendant. ) | CAUSE NO.: 3:19-CV-1133-JVB |

## OPINION AND ORDER

Plaintiff Angela M. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits, and asks this Court to reverse that decision and either award benefits or remand this matter for further administrative proceedings. For the reasons below, this Court remands the matter for further proceedings.

## PROCEDURAL BACKGROUND

In her application for supplemental security income, Plaintiff alleged that she became disabled on September 1, 2014. After a hearing, an Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of cervical spine disorder; lumbar spine disorder; varicose veins; status post left saphenofemoral venous junction ligation; obesity; fibromyalgia; depression; post-traumatic stress disorder, and obsessive compulsive disorder. (AR 12). The ALJ found that Plaintiff had no past relevant work, but that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 20). Therefore, the ALJ found Plaintiff not disabled. The Appeals Council denied her request for review, making the agency's decision final.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to

conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ failed to account for her moderate limitations in concentration, persistence and pace in the RFC, and that the Appeals Council failed to properly evaluate material evidence submitted after the ALJ's decision.

### A. Residual Functional Capacity

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); see also 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and

2

may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)). In this case, the ALJ limited Plaintiff to sedentary work, with various other physical and exertional limitations, and further limited her to "unskilled tasks in a non-public environment." (AR 15).

At step two of the disability analysis, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace. (AR 14). However, in the RFC, the only mental limitation was the restriction to unskilled tasks in a non-public environment. Plaintiff argues that this restriction failed to account for her moderate limitations in concentration, persistence, and pace.

The Seventh Circuit Court of Appeals has repeatedly addressed whether a limitation to unskilled tasks adequately addresses limitations in concentration, persistence, and pace. On the one hand, it is clear that not all issues of "concentration" or "pace" can be solved by making tasks simpler. *See, e.g., Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (noting that "unskilled" work is defined as work that can be quickly learned by demonstration: "[W]hether work can be learned in this manner is unrelated to the question of whether an individual with . . . difficulties maintaining concentration, persistence, or pace . . . can perform such work."); *see also* SSR 85-15, 1985 WL 56857 (January 1, 1985), *6 ("Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job."). But the Seventh Circuit has also found that in certain circumstances, a limitation to unskilled work *can* account for concentration issues if it addresses the underlying symptoms. *See, e.g., Pytlewski v. Saul*, 791 F. App'x 611, 616 (7th Cir. 2019); *Dudley v. Berryhill*, 773 F. App'x 838, 842 (7th Cir. 2019) (holding that a limitation to "work requiring the exercise of only simple judgment . . . specifically account[ed] for

3

. . . concentration difficulties"). Therefore, the Court must assess whether the restriction to unskilled, non-public work addresses Plaintiff's specific limitations.

In this case, the state agency consultants concluded that Plaintiff had moderate limitations in understanding and remembering detailed instructions, maintaining attention and concentration for extended periods, and responding appropriately to change in the work setting. (AR 317-18, 331-32). The ALJ granted these opinions "partial weight," accepting the consultants' limitations, but included an additional limitation of working in a "non-public environment." The ALJ explicitly found that Plaintiff did have "moderate" limitations in concentration, persistence, and pace, but gave no explanation of how those limitations were incorporated in the RFC. Plaintiff argues that because the consultants specifically identified concentration limitations, the RFC restriction to non-public, unskilled work was insufficient.

Remand would not be required if the ALJ had explained, with reference to the record, how the non-public, non-skilled work addressed the concentration issues. But here, to the extent the ALJ intended such a conclusion, it was neither adequately explained nor supported by substantial evidence. There is nothing in the ALJ's decision, nor the record as cited, that suggests Plaintiff's problems with attention and concentration would not apply to unskilled or non-public work. There was significant evidence to the contrary, such as her testimony that she could not follow a TV show (AR 16); the fact that she struggled with concentration during relatively simple questions in a psychological exam (AR 592); and the evidence that these issues were at least partly caused by obsessive compulsive disorder (AR 491-92, 592). The ALJ did not explain why she concluded that unskilled work would ameliorate these issues.

The ALJ did include a cursory discussion of concentration at step two, but it sheds little light on why the RFC did not include concentration restrictions. For example, in support of her

4

finding that Plaintiff had no more than moderate concentration limitations, the ALJ noted that Plaintiff was "alert and oriented" during three evaluations. (AR 14). Two of the three evaluations occurred during physical examinations in an emergency room, where she was seen for chest pain, heartburn, and nausea. (AR 519-520, 531). The third citation is to a neurological examination, which found Plaintiff "alert and oriented times three" – meaning she could identify who she was, where she was, and the approximate time. (AR 475). Although relevant to Plaintiff's mental status generally, it is not clear how these findings show she could concentrate over a sustained period. With no explanation for how the RFC addressed the concentration issues identified by the state agency consultants, the Court must remand.

Because the record does not clearly demonstrate that Plaintiff is entitled to benefits, the Court grants the alternative relief of remanding for further administrative proceedings. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). Since the case is remanded, the Court makes no findings regarding the additional evidence submitted to the Appeals Council.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** the relief requested in Plaintiff's Opening Brief [DE 15], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on January 22, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT